# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

AMBRE ADAMS,

        Plaintiff,

v.                                                        Case No: 6:16-cv-1631-Orl-40DCI

MONTEREY LAKE, LLC and GPR
MCKINLEY MANAGER, LLC,

        Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AN AWARD OF COSTS AND ATTORNEY FEES (Doc. 48)** |
| **FILED:** | **July 27, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

On September 19, 2016, Plaintiff filed this action seeking recovery against Defendants, Monterey Lake, LLC and GPR McKinley Manager, LLC, for their alleged violation of the United States Fair Housing Act (the FHA). Doc. 1. Plaintiff alleged in the Complaint that Defendants violated 42 U.S.C. §§ 3604(f)(2) and 3604(f)(3)(B) by failing to make a reasonable accommodation for Plaintiff's alleged disabilities.

The operative facts are set forth in detail in a previous Order. *See* Doc. 40 at 2-5. In sum, Plaintiff alleged that she was disabled under the FHA because she suffered from panic attacks and

PTSD and that, as a result of her disability, she needed her dog, a six-month-old pit bull, which she asserted was an "assistance animal," to live with her in her apartment. Defendants, the apartment complex and its property management company, had a policy prohibiting pit bulls and, thus, requested additional information from Plaintiff prior to allowing Plaintiff's dog to live in the apartment with Plaintiff. Plaintiff submitted to Defendants a letter from her physician that stated that, "I will confirm that [Plaintiff] is in need of her assistant animal for her disabilities." Doc. 37-8. Defendants sought additional information from the physician, but he declined to provide further information without payment. Thus, on the basis of the information provided by Plaintiff, Defendants refused to allow the dog to live in the apartment. This lawsuit followed.

Discovery began in November 2016. Doc. 16. On March 20, 2017, depositions were taken of Plaintiff, her physician, and the property manager of the apartment complex at issue. *See* Docs. 26-1; 26-2; and 26-3.

On March 22, 2017, Defendants' counsel sent an email to Plaintiff's counsel stating, in part, that Defendants would file a motion for summary judgment and seek attorney fees and costs because there was no evidence or testimony, other than Plaintiff's own testimony, that established that Plaintiff had a disability or the need for a service animal. Doc. 48-1.

On April 26, 2017, Defendants filed a motion for summary judgment. Doc. 26. Plaintiff also filed a motion for summary judgment. Doc. 30. On July 5, 2017, the Court entered an Order granting Defendants' motion for summary judgment (Doc. 40), and judgment was entered in favor of Defendants (Doc. 41).

On July 27, 2017, Defendants filed the motion for an award of costs and attorney fees that is now before the Court. Doc. 48. In that motion, Defendants assert that, as prevailing parties, they are entitled to costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and are entitled to

an award of attorney fees pursuant to 42 U.S.C. § 3613(c)(2). Doc. 48 at 3-4. Specifically as to the attorney fee request, Defendants argue that they are entitled to attorney fees because Plaintiff continued to litigate this case after the March 20, 2017 depositions – i.e., "after it became apparent that [Plaintiff] claims against Defendants were not supported by any evidence." *Id*. at 3. As such, Defendants request attorney fees in the amount of $17,475.00.[1]

The parties agree that the standard for awarding a prevailing defendant attorney fees pursuant to the FHA (i.e., § 3613(c)(2)) is the same as the standard for awarding attorney fees in civil rights cases. *See* Docs. 48 at 3; 52 at 3. The Eleventh Circuit very recently and concisely articulated the standard for awarding attorney fees to a prevailing defendant in a case such as this:

> In civil rights cases, a district court may award attorney's fees to the prevailing defendant—even in the absence of bad faith—if the court "finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422, 98 S.Ct. 694. This is "a more stringent standard" than that which applies when fees are sought by the prevailing plaintiff. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995). As the Supreme Court has cautioned:
>
>> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims.... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
>
> *Christiansburg*, 434 U.S. at 421–22, 98 S.Ct. 694.
>
> In determining whether a claim was frivolous, we view the evidence in the light most favorable to the non-prevailing plaintiff. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005). We have identified three factors district courts should consider in determining frivolity: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court

---

[1] Based on the billing records attached to the motion and the amount of attorney fees requested, Defendants appear to request attorney fees for the entirety of this litigation, not just fees incurred following the deposition of the physician. *See* Doc. 48-3.

> dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985).
>
> No one factor is dispositive. Even if all the factors point toward awarding fees, the court must still consider the case as a whole and determine whether the claim was "entirely without foundation." *Cordoba*, 419 F.3d at 1182 (quotation omitted). As we have explained, a claim is not frivolous when it is "meritorious enough to receive careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991).

*Hamilton v. Sheridan Healthcorp, Inc.*, 2017 WL 2665040, at *1-2 (11th Cir. June 21, 2017).

Here, Plaintiff brought this case armed with a letter from her physician that confirmed that Plaintiff "is in need of her assistant animal for her disabilities." Doc. 37-8. Ultimately, that letter – and the initial opinion of her physician – was insufficient to allow her to prevail in this case. However, given that letter, it cannot be said that Plaintiff's claim was "entirely without foundation." *Cordoba*, 419 F.3d at 1182.

In an apparent concession to the initial lack of frivolity of the case, Defendants seek attorney fees because Plaintiff "continued to litigate this matter after it became apparent that [Plaintiff's claims] were not supported by any evidence." Doc. 48 at 3. Defendants never moved to dismiss this case, and there is no argument in the motion for attorney fees that Plaintiff's claim, at least as pled, was frivolous. *See generally* Doc. 48 at 3-6.

The turning point upon which Defendants seize is the deposition of Plaintiff's physician; the point where Defendants assert that Plaintiff's case unraveled. Doc. 48 at 5. On March 22, 2017, two days after that deposition, Defendants requested via email that Plaintiff dismiss her claim. Docs. 48 at 5; 48-1; 48-2. Plaintiff refused and, instead, sought to supplement her initial disclosures. Docs. 48 at 5; 48-1; 48-2. Mediation was held one week later, and, despite the emails demanding dismissal, Defendants made two settlement offers at that mediation. Docs. 24; 48. About a month later, Defendants moved for summary judgment and ultimately prevailed on that

motion.  Docs. 26; 40.  Plaintiff also moved for summary judgment, relying upon the deposition testimony of herself, her physician and the property manager of the apartment complex, letters from her physician, and some other, limited documentary evidence – much of which she also relied upon in unsuccessfully resisting Defendants' motion for summary judgment.  Docs. 30; 37.

Looking to the factors in *Sullivan*, 773 F.2d at 1189, there is no doubt that, at the summary judgment stage of this litigation, Plaintiff failed to establish a prima facie case in support of her claims and, as a result, this case was decided short of trial.  Doc. 40.  That said, Defendants' primary argument is that the frivolity of Plaintiff's claims became apparent following the March 20, 2017 depositions.  Indeed, this is not a case in which it is seriously argued that the claims, as pled, were frivolous.  Further, even after the March 20, 2017 depositions, Defendants made two offers of settlement at mediation.  Those offers, and their timing, weigh against Defendants' assertion that the frivolity of Plaintiff's claims became readily apparent immediately after those depositions.  Further, "[e]ven if all the factors [did] point toward awarding fees, the court must still consider the case as a whole and determine whether the claim was 'entirely without foundation.'" *Cordoba*, 419 F.3d at 1182.  Given, in particular, the letter from Plaintiff's physician and Defendant's offers of settlement made following the deposition of that physician, the undersigned finds that Plaintiff's claims were not entirely without foundation.

To be sure, the undersigned has no reason to doubt that it became apparent to Defendants following the deposition of Plaintiff's physician that Defendants would prevail.  But Defendants' sense of certain victory does not mean that Plaintiff's continued litigation of this matter was frivolous, unreasonable, or groundless.  To find otherwise would be to engage in the type of *post hoc* reasoning that the Supreme Court warned against in *Christiansburg*.  434 U.S. at 421-22 ("This kind of hindsight logic could discourage all but the most airtight claims . . . .  Even when the law

or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.").

As to costs, the parties agree that Defendant is a prevailing party and entitled to costs pursuant to Rule 54(d), and that costs are limited to those allowable pursuant to 28 U.S.C. § 1920. *See* Docs. 48 at 1-2; 52 at 15. Defendants request a total of $1,252.20 for charges including "depositions, transcripts, witness fees, and service of process." Doc. 48 at 3. Defendants filed a bill of costs and attached invoices thereto. Doc. 49. As to the costs requested in the motion, Plaintiff only objects to a charge of $80.00, which was for a same-day rush fee to serve the deposition subpoena upon Plaintiff's physician. Doc. 52 at 15. Plaintiff requests that the Court award Defendants costs in the amount of $1,172.20. *Id*. In Defendants' motion, there is no argument or explanation as to why Defendants seek to assess the same-day rush fee against Plaintiff, and the Court routinely denies such costs when made without any basis or justification. *See, e.g.*, *Spatz v. Microtel Inns & Suites Franchising, Inc.*, 2012 WL 1587663, at *3 (S.D. Fla. May 4, 2012) (declining costs for rush service where prevailing party failed to demonstrate why rush service was necessary); *Brown v. Lassiter-Ware Inc.*, Case No. 6:11-cv-1074-Orl-36DAB, 2014 WL 5258912, at *2 (M.D. Fla. Oct. 15, 2014) (same). Accordingly, Plaintiff's single objection to the costs is due to be sustained.

Accordingly, upon due consideration, the undersigned respectfully **RECOMMENDS** that Defendants' Motion for an Award of Costs and Attorney Fees (Doc. 48) be **GRANTED in part**, to the extent that Defendant be **awarded $1,172.20 in costs**, and **DENIED in all other respects**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**DONE AND ORDERED** in Orlando, Florida on November 20, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties